| AUSA: | Stephen Carr | Telephone: | (313) 226-9100 |
|---|---|---|---|
| Special Agent: | Stephne C. Popp | Telephone: | (313) 234-4000 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.
Carlos Willis

Case No. 2:25-mj-30074
Assigned To : Unassigned
Assign. Date : 2/14/2025
Description: CMP SEALED MATTER (DA)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 12, 2023__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 841, & 841(b)(1)(A)(viii) | Possession with intent to distribute more than 500 grams methamphetamine |
| 18 U.S.C. § 922 (g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Stephen C. Popp, Special Agent, D.E.A.
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _February 14, 2025_

_____
*Judge's signature*

City and state: _Detroit, Michigan_

Hon. Elizabeth A. Stafford, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent Stephen Popp, being duly sworn, hereby depose and state the following:

### INTRODUCTION

1. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510 (7)—an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I have been a Special Agent with the Drug Enforcement Administration (DEA) since January 2014. I have received specialized training about drug trafficking and money laundering from the DEA, the United States Attorney's Office, the Organized Crime Drug Enforcement Task Force, and the Money Laundering and Asset Recovery Section.

3. I have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions, launder drug proceeds, and conceal assets and fruits of the crime. I am presently involved in investigating covert and overt drug trafficking and money laundering.

4. The facts contained in this affidavit are based on my review of information provided to me by other law enforcement agents and individuals with knowledge of

this matter, as well as my own observations. The information outlined below is provided for the limited purpose of obtaining the requested Criminal Complaint and does not contain all details or all facts of which I am aware relating to this investigation.

5. This affidavit provides information necessary to establish probable cause that Carlos WILLIS possessed with intent to distribute a controlled substance—50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine—in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii) and that WILLIS possessed a firearm despite being previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

## PROBABLE CAUSE

6. In November 2022, DEA Detroit agents learned that WILLIS was supplying large quantities of crystal methamphetamine and fentanyl from Arizona to Detroit metropolitan area drug traffickers.

7. DEA Detroit agents identified three residential properties of interest: (1) a house on Montclair Street in Detroit, Michigan, that Willis pays the utilities on, as a suspected drug stash house, (2) a house on Curie Street where WILLIS stays, (3) a house on Whitehill where agents saw WILLIS conducts drug transactions.

8. From November 2022 to April 2023, on multiple occasions, DEA agents observed WILLIS travel in his truck from the Curie house to the Montclair house, enter

and exit the house quickly, often with a bag in hand, and conduct multiple hand-to-hand transactions inside his truck in a nearby driveway.

9. During this same November to April time period, DEA agents conducted two controlled buys where WILLIS sold crystal methamphetamine to another person. Each transaction involved more than $1000 worth of crystal meth.

10. Based on these observations, DEA agents obtained search warrants on April 12, 2023, for the three residences and executed them the next day.

11. At the Montclair house, agents located an Arizona license for WILLIS along with prescription drugs and other personal records. Agents also found a backpack that contained 3,127.3 grams of Methamphetamine Hydrochloride with 99% purity, packaged into multiple bricks, as well as drug packaging and potential cutting agents.

12. When agents executed the warrant at the house on Curie Street, WILLIS answered the door. During the search, agents found a Sig Sauer 9mm pistol and a .25 caliber MAB pocket pistol in a drawer of the nightstand by WILLIS's bed near WILLIS's other personal items and clothing. A third gun, a Walther PPQ 9mm pistol, was recovered on the floor near the nightstand. The two 9mm pistols were reported stolen out of West Virginia.

13. In addition to the three guns, law enforcement found a drug ledger, money counter, and nearly $5000 in cash at the Curie Street house.

14. At the house on Whitehill, agents found two shotguns, a 9mm pistol, and a small revolver along with an additional 500 grams of methamphetamine and nearly 209 grams of fentanyl.

15. On the day the warrant was executed, DEA Detroit agents interviewed WILLIS after reading him his *Miranda* rights. WILLIS admitted he owns and rents out the residence on Montclair Street. Willis also said that the crystal meth located at his house on Montclair Street belonged to him.

16. Willis also admitted that he knew about the guns, telling law enforcement that he had traded some shoes to get them.

17. On September 19, 2017, WILLIS was convicted of delivery or manufacture of marijuana in Macomb County, Michigan.

18. On February 12, 2025, I spoke with ATF interstate nexus expert Special Agent Matthew Totten and provided him information on the three guns taken from WILLIS's residence on Curie Street. Based on the physical description of the firearms, without physically examining them, SA Totten was able to conclude that the firearms were manufactured outside of the state of Michigan, therefore travelling in interstate or foreign commerce. A firearm is defined in the Federal Criminal Code in 18 U.S.C. § 921(a)(3) as: "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the

frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm."

## CONCLUSION

19. Based on this information, there is probable cause to believe Carlos WILLIS possessed more than 500 grams of methamphetamine with the intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii) and possessed a firearm despite being previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

_____
Stephen C. Popp
Special Agent, DEA

Sworn to before me in my presence
and/or by reliable electronic means.

_____
Hon. Elizabeth A. Stafford
United States Magistrate Judge

5